JENNIE B. LEE *vs.* ANDREW J. CHASE.

*Money on life policy—by whom recoverable—not by widow of deceased.*
*Executor de son tort.*

The legal representative of an intestate estate is the only party who can recover money due on a policy of insurance upon the life of the intestate.

The widow of the intestate cannot maintain assumpsit against a third person, to whom the insurance company had paid the money due on the policy, to recover the proportion which descends to her by virtue of R. S., c. 75, § 10.

To recover against a defendant, as an executor *de son tort*, under R. S., c. 64, § 37, the defendant should be declared against as an executor.

ON REPORT.

ASSUMPSIT to recover one-third of twenty-five hundred dollars paid, after the death of A. J. Lee (plaintiff's husband), by the Connecticut Life Insurance Company to the defendant, on a policy of insurance issued by the company on the life of Lee, in his lifetime.

The writ was dated Jan. 25, 1869. Plea, general issue, with a brief statement alleging, substantially, that the policy was assigned to the defendant by A. J. Lee in his lifetime, in trust for Lee's two children, and the money collected on the policy is held in pursuance of the assignment, and that the defendant is now executing the trust, which is in full force, and not terminated.

The marriage of the plaintiff and Lee was admitted, as also the death of Lee, which took place Jan. 25, 1867.

It was also admitted that one Seth Lee was duly appointed and qualified as administrator of the estate of A. J. Lee; that the estate was rendered insolvent; that neither the policy nor the money due thereon was ever included in the inventory of the estate, nor was the money collected by the defendant from the company ever claimed or controlled by the administrator; and that the final account of the administrator had been settled.

It appeared, by documentary evidence from the probate court, that the defendant had been appointed and qualified as guardian of

the minor children of A. J. Lee, and charged himself with the money collected of the insurance company in his inventory.

It appeared, on the part of the plaintiff, that she had the policy in her possession for some time before the death of her husband; that in the month of April, 1867, after the death of her husband, the defendant told her that he had collected the twenty-five hundred dollars, and that it was his, the defendant's, property; that no part of it was plaintiff's, and that the policy had been assigned to the defendant by her husband. That, subsequently, the defendant told the plaintiff that the money belonged to the two boys when they became of age; that none of it belonged to her or the little girl, the youngest child, born December, 1866. That she being in want, demanded her share of the money from the defendant before the commencement of the suit, but he refused to pay; and that the little girl died in June, 1867.

The plaintiff offered to prove that there was no assignment to the defendant by the deceased for any purpose whatever, but that the policy was the property of the deceased at the time of his death; that if there was any assignment, it was obtained by fraud and without consideration; that if there was any assignment by the deceased, it was made when he was insane; that it was obtained through undue influence; all of which testimony the presiding judge excluded, and ruled that the action was not maintainable.

Thereupon the case was withdrawn from the jury and by consent reported; and if the action could not be maintained upon so much of the evidence introduced and offered as was admissible, the plaintiff to become nonsuit.

*Henry Hudson*, for the plaintiff.

*A. M. Robinson*, for the defendant.

APPLETON, C. J. Andrew J. Lee, the husband of the plaintiff, effected a policy on his life for the sum of twenty-five hundred dollars, which after his death the defendant collected, and claims to hold by virtue of an alleged assignment to him in trust for two of

the children of said Lee.   The defendant has been duly appointed·
guardian of the children referred to, has inventoried the money
received as their estate, and given bonds therefor.

Seth Lee was appointed administrator upon the estate of Andrew
J. Lee, by whom the estate was represented insolvent.   He has
settled his final account as administrator, but has not at any time
charged himself with any money received upon the policy of the
intestate.

By R. S., 1857, c. 75, § 10, " a sum of money received for in-
surance on his (the intestate's) life, deducting the premium paid
therefor within three years with interest, does not constitute a part
of his estate for the payment of debts or purposes specified in the
first section of chapter sixty-six, when the intestate leaves a widow
or issue, but descends, one-third to his widow, and the remainder
to his issue ; if no issue, the whole to the widow, and if no widow,
the whole to the issue."

The plaintiff, as the widow of Andrew J. Lee, claims to recover
the third of the sum received by the defendant upon the policy of
her husband.

The estates of deceased persons are to be settled in the probate
court.   The debts due to the estate belong to the administrator or
executor, whose duty it is to enforce their collection.   The claim
against the insurance company upon their policy was a claim due
the estate, if not previously assigned.   The administrator was bound
to collect it.   When collected, the administrator was to deduct the
premiums according to the statute, and the residue was to be dis-
tributed in accordance with the statutory provisions on the subject.
The plaintiff's claim would be through the probate office and after
distribution.

Now the policy in question belonged to the estate, or it did not.

If it did not belong to the estate, but had been previously as-
signed in good faith, then neither the administrator nor the plaintiff
had any claim upon the money collected by the assignee.

If the money belonged to the estate, and the defendant collected
the money without authority, then the claim may still be enforced

against the insurance company. Payments made to an executor *de son tort*, constitute no defense to an action by the rightful administrator or executor. *Hunter* v. *Wallace*, 13 Up. Can. Q. B. 385. But in such case the suit can only be maintained by the representative of the estate. The plaintiff could not recover in any suit upon the policy in her own right.

So the administrator may affirm the collection made by the defendant, if without right, and recover the amount received to the use of the estate, and to be distributed according to law. But the plaintiff could in no way affirm the wrongful acts of the defendant. Her interest is but a third, and the administrator might choose to proceed against the insurance company. If the defendant has money belonging to the estate, however received, his indebtedness is to the estate, and it is for the administrator to call it out of his hands, not for those whose right to it or any portion of it accrues after it becomes a part of the estate, and by the order of the judge of probate for its distribution.

If the policy belonged to the estate, and the defendant collected the money without authority, he would be an executor *de son tort*. An executor *de son tort* is one who assumes the office by intrusion, or interferes with the assets of the estate without authority, as by suing for, receiving, or releasing the debts due the estate. Toller on Executors, 38. One who, without rightful authority, assumes the administration and disposition of the estate of a deceased person, and receives and pays out money belonging to it, is liable to a creditor as executor *de son tort*. *White* v. *Mason*, 26 Maine, 301. The right of action is given by R. S., 1857, c. 64, § 32, "to creditors and other persons aggrieved" against the person interfering as executor *de son tort*. But in such case "the declaration against an alleged executor is in the same form, whether the defendant be rightful executor or executor *de son tort*." *Myrick* v. *Anderson*, 68 E. C. L. 719. But in this case the action is not against the defendant as executor, and, therefore, even if the plaintiff is one of the persons referred to in § 32, it cannot be maintained. The defendant should have been declared against as executor.

If the defendant claims to hold the funds received by him under an assignment, whether in trust or otherwise, the validity of which is to be contested on the ground of fraud or want of consideration, it is for the administrator to contest the matter. If he does it successfully, he holds the funds as a part of the estate. If he omits or neglects his duty, he is liable for such omission or neglect as for any other omission or neglect of duty. But the plaintiff is not the proper party to contest the assignment, whether fraudulent or not. The whole estate, and those having a right to the funds, are interested. The plaintiff at most represents but a third. The legal representative of the estate is the proper party to any litigation, when the assets of the estate are to be recovered for its benefit. The premiums and interest for three years thereon belong to the general assets, and are a part of the fund for the payment of debts. The residue is to be distributed between the widow and the children of the intestate. The administrator represents all those rights and unites in himself all those interests. Upon him alone the law devolves the duty of their protection and enforcement. He only can give a valid discharge. His bond to the judge of probate is the security afforded by law to all interested in the estate, and if he fails in his duty, those aggrieved must seek their remedy upon it. *Plaintiff nonsuit.*

KENT, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.